IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SAMUEL ERWIN,                    )
                                 )      Case No. 07 - 1048
            Petitioner,          )
                                 )      Magistrate Judge Lisa Pupo
                                 )      Lenihan
    vs                           )
                                 )
MARDI VINCENT and THOMAS         )
CORBETT, The Attorney General    )
of the State of Pennsylvania,    )
                                 )
            Respondents.          )


**MEMORANDUM ORDER**

Petitioner, Samuel Erwin, a state prisoner incarcerated at the State Correctional Institution at Laurel Highlands, Pennsylvania, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition will be dismissed as untimely because it was not filed within the one-year limitations period provided for under 28 U.S.C. § 2244(d).

**A. Relevant Procedural History**

On January 13, 2003, in the Court of Common Pleas of Indiana County, Pennsylvania, Petitioner pleaded guilty to counts of Attempted Homicide and Aggravated Assault. On March 31, 2003, Petitioner was sentenced to an aggregate term of from nine (9) to eighteen (18) years imprisonment. Petitioner did not file any direct appeal.

On December 17, 2003, Petitioner filed a petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42

Pa. Cons. Stat. § 9542.  On May 12, 2005, the PCRA Court denied

Petitioner's PCRA petition.  Petitioner appealed and the Superior

Court of Pennsylvania affirmed the PCRA Order by Order dated May

18, 2006.  Petitioner filed a Petition for Allowance of Appeal,

which was denied by the Supreme Court of Pennsylvania on January

17, 2007.  Petitioner's federal petition for writ of habeas corpus

was executed on July 23, 2007.

## B. Time Period for Filing Federal Habeas Corpus Petitions

The first consideration in reviewing a federal habeas

corpus petition is whether the petition was timely filed under the

one-year limitations period applicable to such petitions.  In this

regard, the federal habeas corpus laws were amended pursuant to the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.

L. No. 104-132, 142 Cong. Rec. H3305-01 (April 24, 1996), which

provides as follows.

> (d)  (1)  A 1-year period of limitation shall apply to
> an application for a writ of habeas corpus by a
> person in custody pursuant to the judgment of a
> State Court.  The limitation period shall run from
> the latest of--
>
> > (A) the date on which the judgment became
> > final by the conclusion of direct review
> > or the expiration of the time for seeking
> > such review;
> >
> > (B) the date on which the impediment to
> > filing an application created by State
> > action in violation of the Constitution
> > or laws of the United States is removed,
> > if the applicant was prevented from
> > filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

The Court of Appeals for the Third Circuit has held that the statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. <u>Fielder v. Varner</u>, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 125 S.Ct.904 (Jan. 10, 2005). Thus, in analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger" date for the individual claims raised in the Petition. Typically, this is the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll

the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, Petitioner pleaded guilty on March 31, 2003. Consequently, direct review of Petitioner's conviction concluded, and the judgment became "final" on April 30, 2003. *See* Pa. R. App. P. 1113(a) (thirty-day period for filing a petition for allowance of appeal to the Pennsylvania Supreme Court); Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001) (holding that, because the Petitioner did not file a direct appeal from his guilty plea, his conviction and sentence became "final" upon the expiration of the thirty-day time period during which he could have appealed). Thus, Petitioner had one year from that date, *i.e.*, until on or about April 30, 2004 to file a federal habeas corpus petition challenging his conviction.

In the case at bar, however, Petitioner did not file his federal Habeas Petition by April 30, 2004; instead, his federal habeas corpus petition was not filed in this Court until July 23, 2007, the date he signed his Petition. Thus, this court must determine whether Petitioner can take advantage of the "tolling" provision in section 2244(d)(2). In this regard, as stated above, section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim

is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

With respect to the instant petition, Petitioner filed a PCRA Petition on December 17, 2003.  His one-year limitations period began running on May 1, 2003 and continued to run until December 17, 2003, when he filed his PCRA petition.  From May 1, 2003 until December 17, 2003, two-hundred and thirty (230) days had run on Petitioner's one-year limitations period; one-hundred and thirty-five (135) days remained.  Petitioner's one-year AEDPA limitations was tolled while he was pursuing his PCRA proceeding from December 17, 2003 through January 17, 2007, the date the Supreme Court of Pennsylvania denied his Petition for Allowance of Appeal.  *See* Stokes v. District Attorney of County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001) (holding that the time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the statute of limitations on filing a habeas petition).  His limitations period began running again on January 18, 2007 and expired 135 days later on Saturday, June 2, 2008, giving him until Monday June 4, 2007 to file his Petition.

Petitioner's one-year limitations period ended on June 4, 2007.  Unfortunately for him, Petitioner did not file his federal habeas corpus petition until July 23, 2007, over a month after his limitations period had expired.

Moreover, nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period. In this regard, Petitioner's petition for habeas corpus and his attachments do not indicate that Petitioner suffered any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). Nor has he asserted that his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). In addition, he has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Finally, after reviewing Petitioner's claims, there is no indication that the doctrine of equitable tolling should be applied in this action. Although AEDPA's one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled:

> Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation

omitted). The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with the petitioner. Id. at 978.

The United States Court of Appeals for the Third Circuit has indicated that equitable tolling of the AEDPA statute of limitations is permitted if: "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.) (internal citation omitted), cert. denied, 513 U.S. 1086 (2001). In the instant action, in January of 2007, Petitioner was notified by his PCRA counsel that the filing of a federal habeas corpus petition was time sensitive; yet, he waited almost seven months from that time to file his Petition. Thus, he has not carried his burden of showing any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner. The discussion above reveals that the petition for writ of habeas corpus in the instant action was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d). Consequently, the Petition will be dismissed as untimely.

## C. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a

habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued.  A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2254(c)(2).  There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right.  In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable that Petitioner did not file his habeas petition within the one-year limitations period. Accordingly, a certificate of appealability will be denied.

**AND NOW**, this 1st day of August, 2008;

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED.**

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

By the Court:

/s/Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

SAMUEL ERWIN, FH 9324
P.O. Box 631
SCI LAUREL HIGHLANDS
5706 Glades Pike
Somerset, PA 15501